1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RICHARD BOHN,

11              Plaintiff,                    CIV S-06-1051 GEB KJM PS

12        vs.

13   HUMANE SOCIETY, et al.,                  ORDER AND

14              Defendants.                   <u>FINDINGS AND RECOMMENDATIONS</u>

15   _____/

16              Pending before the court is the motion to dismiss of defendants Humane Society

17   and Sakach, the regional director of the Society.  A hearing was held on the motion on November

18   29, 2006.  Plaintiff appeared pro se; defendants Humane Society and Sakach were represented by

19   Todd McCormick.  Laurence Angelo also was present on behalf of the County of Amador.  Upon

20   review of the documents in support and opposition and the supplemental letter briefs filed after

21   hearing, having considered the arguments of the parties, and good cause appearing therefor, THE

22   COURT FINDS AS FOLLOWS:

23              This is a civil rights action arising out of the seizure of plaintiff's fighting cocks.

24   Defendants contend the present action is barred under <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

25   Under <u>Heck</u>, if the success of a § 1983 claim would imply the invalidity of a conviction or

26   sentence, a plaintiff must show that the conviction or sentence already has been invalidated.  <u>Id.</u>

1

1    at 486-87.  Heck has been interpreted to apply to pending charges, Harvey v. Waldron, 210 F.3d

2    1008, 1014-15 (9th Cir. 2000), and also to state tort claims.  See Susag v. City of Lake Forest, 94

3    Cal. App. 4th 1401, 1406, 1409-10 (2002).[1]

4           Plaintiff is currently being prosecuted for illegal cockfighting; these charges stem

5    from execution of a search warrant and subsequent arrest of plaintiff in May 2005.  Plaintiff's

6    present claims arise out of the same operative facts and success in the present litigation would

7    call into doubt the criminal prosecution.  To proceed on the claims raised in the instant litigation,

8    plaintiff must show that any state charges against him arising from the facts relevant to this case

9    have been dismissed or otherwise invalidated, or that any conviction on those charges has been

10   invalidated.  Under the present circumstances, therefore, this action should be dismissed without

11   prejudice.

12          Finally, as defendants point out, plaintiff appears to have changed his address

13   without providing the court with notice as required by Local Rule 83-182(f).  The court will

14   direct service of plaintiff on the address shown on his most recent filing, and also direct that he

15   comply with the cited local rule.

16          Accordingly, IT IS HEREBY ORDERED that:

17          1.  The Clerk of Court serve this order on plaintiff at the address shown in his

18   filing of November 29, 2006 (docket no. 32), and

19          2.  Plaintiff file a notice of change of address as required by Local Rule 83-182(f)

20   within ten days of the filed date of this order.

21          IT IS HEREBY RECOMMENDED that:

22          3.  Defendant's motion to dismiss be granted, and

23          4.  This action be dismissed without prejudice.

24   /////

25

26          [1]  The Ninth Circuit has identified flaws in aspects of Susag not relied on here.  See Smith
     v. City of Hemet, 349 F. 3d 689, 699 n.5 (9th Cir. 2005).

2

1        These findings and recommendations are submitted to the United States District

2   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten

3   days after being served with these findings and recommendations, any party may file written

4   objections with the court and serve a copy on all parties.  Such a document should be captioned

5   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

6   shall be served and filed within ten days after service of the objections.  The parties are advised

7   that failure to file objections within the specified time may waive the right to appeal the District

8   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9   DATED:  December 5, 2006.

10

11

12                                                          _____
                                                            U.S. MAGISTRATE JUDGE
13

14  006
    bohn.57
15

16

17

18

19

20

21

22

23

24

25

26